IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) 2:21-cr-74 |
| | ) |
| DIQUAN CROWDER, | ) |
| | ) |
| Defendant. | ) |

**ORDER REGARDING MOTION FOR RULE 60(b) RELIEF**

On April 22, 2024, the Court ruled that it would consider Mr. Crowder's *pro se* motion for Rule 60(b) relief (ECF 59) as a motion under 28 U.S.C. § 2255. ECF 65.[1] The Court advised, however, that it was "inclined to agree with the government" that Mr. Crowder's Section 2255 motion was time-barred, and so ordered Mr. Crowder to show cause by May 22, 2024 as to why the Court shouldn't deny his motion as untimely. *Id.* Mr. Crowder did not respond to the show-cause order. After careful consideration, the Court denies his motion as untimely.[2]

A Section 2255 motion must be filed within one year of the latest of several dates. 28 U.S.C. § 2255(f). "In Mr. [Crowder's] case, the relevant date is the later of either 1) the date on which the judgment of conviction becomes final or 2) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *United States v. Hough*, No. 2:03-00174, 2024 WL

---

[1] The procedural history of Mr. Crowder's motion is recounted in the Court's prior order. ECF 65. In brief, the Court ordered Mr. Crowder to clarify how the Court should construe his motion, given it was filed pursuant to Federal Rule of Civil Procedure 60(b). ECF 63. Mr. Crowder again directed the Court to Rule 60(b), though he requested the Court interpret his motion "to effectuate the purpose of his petition." ECF 64, p.1.

[2] Because Mr. Crowder's motion is time-barred, the Court does not issue a *Miller* notice, *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), as it would be an "exercise in futility." *United States v. Chew*, 284 F.3d 468, 471 (3d Cir. 2002).

957865, at *4 (W.D. Pa. Mar. 6, 2024) (Hornak, C.J.) (citing 28 U.S.C. § 2255(f)(1), (3)).

As to the first limitations trigger date, the Court entered Mr. Crowder's judgment of sentence on January 6, 2022. ECF 50. Mr. Crowder did not file an appeal, so his judgment became final 14 days later, or on January 20, 2022. *See* Fed. R. App. P. 4(b)(1)(A)(i). Because Mr. Crowder did not file his motion to vacate until October 30, 2023, many months beyond the one-year limitations period, Mr. Crowder's motion is untimely under § 2255(f)(1).

As to the second limitations trigger date (*i.e.*, announcement of a retroactive rule), that doesn't apply here. Mr. Crawford argues that his judgment should be vacated in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *Range v. AG United States*, 69 F.4th 96 (3d Cir. 2023). ECF 59, p. 5. But "[i]n *Bruen*, the Supreme Court did not announce a new rule of constitutional law retroactively applicable to persons with criminal convictions, and thus [it] is inapplicable to the present circumstances." *United States v. Neal*, No. 19-230, 2024 WL 1095814, at *2 (W.D. Pa. Mar. 13, 2024) (Horan, J.). In any event, Mr. Crowder did not file his motion within one year of *Bruen*, which was decided June 23, 2022.

And as for the Third Circuit's *Range* decision, it "was issued by an Appeals Court that does not have the power to announce a new general rule of constitutional law retroactive to incarcerated prisoners[.]" *Id.*; *see also United States v. Lipscomb*, No. 16-161, 2021 WL 3634674, at *3 (W.D. Pa. Aug. 17, 2021) (Fischer, J.) (explaining "a decision by an appellate court rather than the Supreme Court, does not constitute a right recognized by the Supreme Court" for purposes of Section 2255(f)(3) (cleaned up)); *United States v. Picone*, No. 14-58, 2024 WL 896489, at *1 (W.D. Pa. Mar. 1, 2024) (Conti, J.) (denying Section 2255 motion because it was not filed within one year of *Bruen* and because *Range* couldn't trigger a new limitations period).

- 3 -

The Court therefore **DENIES** Mr. Crowder's motion (ECF 59).  So **ORDERED** this 29th day of May, 2024.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

DiQuan Crowder
#31982-509
Beckley FCI
PO Box 350
Beaver WV 25813-0350